THOMAS PARKER & another *vs.* JOSEPH M. BELL & another.

A plasterer employed by a builder who has made a written contract with the owner of land to build a house thereon is entitled to a lien on the house and land, under *St.* 1855, *c.* 431, § 1, for his own labor and that of his apprentices; but not for that of journeymen and laborers employed and paid by him.

A description of a house and land, in the statement filed in the office of the town clerk under *St.* 1855, *c.* 431, §§ 2, 3, as "a dwelling-house, situated in D., on land now or formerly of B. and now said to belong to A.; said house is new, and near the dwelling-house of B.," is sufficient to secure a mechanic's lien thereon.

The including, in a statement filed under *St.* 1855, *c.* 431, §§ 2, 3, of claims for materials and for labor of journeymen, which are not secured by the lien, will not defeat the lien for the mechanic's own labor.

In a petition under *St.* 1855, *c.* 431, § 1, a description of a contract under which a mechanic's lien is claimed, as "an oral contract between the petitioners on one part, and J. S., carpenter and builder, on the other part," is sufficient.

A description of a house and land, in a petition to enforce a mechanic's lien thereon, under *St.* 1855, *c.* 431, § 1, as "a dwelling-house situated on a piece of land in D., on a street or lane leading from E. Street, nearly opposite C. Street, and near the house occupied by B., and the lot on which the same stands is the same that was conveyed by H. to said B. and A. as tenants in common," is sufficient.

PETITION by Thomas Parker and Edward Lamb, copartners under the firm of Parker & Lamb, to enforce a mechanic's lien for labor upon a dwelling-house described in the petition as " situated on a piece or parcel of land in Dorchester, in said county of Norfolk, on a street or lane leading from Eustis Street, so called, nearly opposite Cottage Street, so called, and near the house occupied by Joseph M. Bell, Esquire, and the lot on which the same stands is the same that was conveyed by one Hook

to said Joseph M. Bell and Edward E. Pratt as tenants in common, and is owned by said Bell and Pratt, or one of them ; " and in the statement filed by the petitioners in the office of the town clerk, as " situated in Dorchester, in the county of Norfolk, on land now or formerly of Joseph M. Bell, Esquire, and now said to belong to Edward E. Pratt, Esquire ; said house is new, and near the dwelling-house of said Joseph M. Bell, Esquire ; the name of the street is not known to us."

The petitioners averred " that they actually performed labor as plasterers and stucco workers in erecting" said dwelling-house, " with the consent of the owners thereof ; " and that " the contract under which said labor was performed was an oral contract, made by and between the petitioners on one part, and Messrs. Whittemore & Currier, carpenters and builders, on the other part, under which contract the petitioners were and are entitled to receive, for the work performed and materials furnished, the prices and amounts set forth in the account annexed" to the petition, no part of which had been paid.

The parties agreed upon a statement of facts, expressly reserving all objections to the form of the petition. The case was argued in writing, and decided in June 1857.

MERRICK, J. The petitioners insist that they have a lien upon the real estate described in their petition, to secure the amount due to them for labor actually performed in the erection of a dwelling-house thereon. They make no claim on account of materials furnished for that purpose. And the case is submitted to the determination of the court, both in relation to the question whether they are entitled to any such lien, and as to the amount for which, if it exists, it is to stand as security.

By *St.* 1855, *c.* 431, § 1, it is provided, that " any person who shall actually perform labor in erecting, altering or repairing any building or structure upon real estate, or shall furnish materials actually used for the same, by virtue of any agreement with or consent of the owner thereof, or other person having authority or acting for such owner to procure labor or furnish materials in his behalf, shall have a lien upon such building or structure, and upon the interest of the owner of the building or structure

Parker & another *v.* Bell & another.

in the lot of land upon which the same is situated, to secure the payment of the amount due him for such labor and materials." To this a proviso is added as to liens for materials ; but it has no bearing upon the questions in controversy ; and its effect therefore need not now be taken into consideration.

It is alleged by the petitioners, in their petition, that they are stucco workers and plasterers, and copartners in trade ; and that in that capacity they actually performed labor in the erection of a dwelling-house upon the real estate therein described, with the consent of the respondents, who are the owners thereof. If these allegations are true, they become entitled to a lien upon the house, and upon the lot of land upon which it was erected ; for they thus show themselves to have conformed to all the terms of the statute, by force of which such a claim is to be established. It is conceded by the respondents that they are the owners of the land, that a dwelling-house was erected upon it, and that the petitioners actually performed some labor in the course of its construction. The only inquiry which remains is, whether the labor thus actually performed was contributed by the petitioners to the erection of the structure with the consent of the respondents ; and we think that, within the meaning and intendment of the statute, it certainly was.

It is agreed that Pratt, with the knowledge and consent of Bell, his cotenant, made an agreement in writing with Whittemore & Currier to build a dwelling-house on their lot of land, for a definite and fixed compensation. This authorized the latter to do all acts necessary and proper to enable them to fulfil their contract, and to complete the tenement to be erected. It was, of course, understood between the parties that this work was not to be wholly and in every part done by the contractors with their own hands. They were fully empowered to employ, in the execution of the contract, the necessary workmen, and to cause their labor to be faithfully applied in fulfilment of its provisions. The consent of the respondents to such employment of laborers, and such application of their labor, is a necessary and inevitable implication from the contract under which the house was to be erected. The labor therefore which was actually per-

formed by the petitioners, in doing the plaster and stucco work of the house, and which was a necessary part of its construction, having been rendered by virtue of an agreement with Whittemore & Currier, must be considered to have been performed with the consent of the respondents. It was done for their benefit, and under stipulations into which they had entered, by force of which they were entitled to insist that the contract should be fully performed.

But it is merely to the extent of the labor actually performed by the petitioners that the lien upon the estate was created. This will include not only the work done with their own hands, but also that which was contributed by their apprentices; but it excludes from the amount so to be secured all the charges for the labor which was performed by their journeymen, or laborers in their employment. The reason is obvious. The object of the provisions of the statute is to create and preserve to the laborer security for the payment of the wages which he earns. It is manifest, from a consideration of the provisions of the successive statutes in relation to the lien of mechanics upon the estates upon which their labor has been expended, that the legislature have regarded it as a sound and just principle, that all those who have by consent of the owner, or in pursuance of contracts with him for that purpose, contributed to increase the value of his property, should have an interest in it until their respective claims for such services shall have been paid and discharged. The apprentice earns no wages for himself, and therefore he can have no lien, for, having no claim for personal compensation, he has no occasion for security; but the labor which he performs belongs to his master, in whose favor the lien arises the same as if he had himself executed the work. It is otherwise with the journeyman. He earns wages; he is entitled to payment for labor performed, and therefore he may have in his own behalf a lien upon the land upon which he has wrought. The same principle, which entitles the petitioners to insist upon a lien for their services and the labor which they have contributed, affords a like and equal advantage to the workmen whom they have employed to do any part of the work essential to the

fulfilment of the contract between Whittemore & Currier and the respondents.

It is objected by the respondents, that the lien created in favor of the petitioners, for the amount due them for the labor by them actually performed upon the premises, was dissolved, because they did not, within thirty days after ceasing to labor there, file in the office of the clerk of the town in which the real estate is situated a statement of a just and true account of the amount due to them, together with a description of the property, sufficiently accurate for identification. *St.* 1855, *c.* 431, § 2. It appears from the statement, which was in fact filed in due time in the office of the clerk of the town of Dorchester, that it embraces charges for materials furnished, and also for work which was performed on the premises by some of the journeymen of the petitioners. It cannot therefore be considered, in relation to the question of the existence of a lien upon the land, as a strictly accurate and true account. But the third section of the statute expressly provides, that no inaccuracy in such statement, relating to the property, if the property can be reasonably recognized, or to the amount due for labor, shall invalidate the proceedings, unless it shall appear that the person filing the certificate has wilfully and knowingly claimed more than his due. This, we think, certainly does not appear. The description of the property is sufficient. No suggestion is made that any of the items in the account contained in the statement filed are in any respect false, or unjustly exaggerated. It is conceded that the amount in the account is justly due from Whittemore & Currier to the petitioners. They make their claim under the provisions of the statute ; and that they have misunderstood or misconstrued the statute, before any judicial interpretation had been applied to it, affords no proof of a wilful intention to press their demands beyond the limits which have been fixed by law.

It is further objected for the respondents, that the petition does not sufficiently set forth the contract under which the petitioners performed the alleged labor, nor adequately describe the lot of land on which the building contracted for was erected. Rev. Sts. c. 117, § 6. But the mode of proceeding required by

the 117th chapter of the revised statutes is necessarily somewhat modified by the provisions of the statute under which the petitioners claim to have established a lien upon the real estate upon which they labored. Under this last statute, it is not necessary to show that the work was performed under a written or other special contract; it is sufficient if it was done with the consent of the owner. This is the ground of the petitioners' claim in the present case, and it is so set forth in their petition. As to the description of the land, we do not perceive any imperfection in it. It is enough that it points out and indicates the premises, so that by applying the description to the land it can be found and identified.

From these various considerations it appears that the petitioners have a lien upon the estate upon which their labor was expended. As the amount which is justly due to them on that account cannot be ascertained by computation from the papers produced, the case must be sent to an assessor to ascertain and state it.

*J. J. Clarke & L. Shaw, Jr.* for the petitioners.

*J. A. Loring,* for the respondents, to the point that the petitioners were not persons to whom a lien was given by statute, cited *Sts.* 1851, *c.* 343; 1852, *c.* 307; 1855, *c.* 431; *Smith* v. *Steamer Eastern Railroad,* 1 Curt. C. C. 257; to the point that the lien was dissolved, because the petitioners, in their statement filed in the town clerk's office, claimed a lien for materials as well as for labor, without distinguishing between the two, *Lynch* v. *Cronan,* 6 Gray, 531; to the point that the contract was not sufficiently set forth in the petition, by reason of the omission to state the terms and time of payment, Rev. Sts. *c.* 117, § 6; *The Abby Whitman,* 17 Law Reporter, 322; *Kirby* v. *Tead,* 13 Met. 149; *Sanderson* v. *Taft,* 6 Gray, 533; and to the point that the estate was not sufficiently described in the petition, nor in the statement filed in the town clerk's office, *Atwood* v. *Atwood,* 22 Pick. 283; *Miller* v. *Miller,* 16 Pick. 215; *Doe* v. *Plowman,* 1 East, 441; *Commonwealth* v. *Spirituous & Intoxicating Liquors,* 33 Maine, 564.