Russell v. Painter.

---

## RUSSELL v. PAINTER.

1. MORTGAGEE : *Interplea of, claiming attached chattel.*

Where mortgaged chattels are attached in the possession of the mortgagee, it is no answer to his interplea claiming them, to say that he is the equitable, and not the legal owner.

2. LABORER'S LIEN : *Exists only for services in producing the property on which it is. claimed.*

Under *Sec.* 4425 *Mansf. Dig.*, a laborer's lien exists only for work performed in producing the property against which the lien is asserted. Hence, one who has rendered services in moving and re-erecting a saw mill, has no lien therefor on lumber afterwards made by the mill. And a sawyer at a mill has no lien on lumber made by him, except the specific lumber for producing which his wages remain unpaid.

APPEAL from *Ouachita* Circuit Court.

B. F. ASKEW, Circuit Judge.

### STATEMENT.

Painter brought this suit against Alexander & Son to recover a sum alleged to be due for work and labor, and to enforce a laborer's lien on certain lumber. Russell filed an interplea claiming the lumber under a deed of trust executed by the Alexanders on the 14th day of January, 1886, and by which they conveyed to him "all the lumber to be sawed at their steam saw mill * * * for the year 1886, beginning the 15th day of March, 1886." This conveyance was made to secure the payment of a note of the same date,

made by the defendauts and payable to David W. Chandler, for the sum of $1,200. The deed contained a power of sale, and authorized Russell, on default being made in the payment of the note, to take possession of the lumber ; and it was conditioned for the payment of $200 on the 15th of April, 1886, and $200 on the 15th of each succeeding month until the payment of the note should be completed. It was alleged in the interplea, and shown by the evidence, that when the lumber was attached by the plaintiff, it was in the possession of the interpleader under an agreement with the defendants. The judgment of the circuit court was in favor of the plaintiff for his debt and sustained his lien. The interpleader appealed. Counsel for the appellee urged as an objection to the interplea that as the lumber was not in existence when the deed of trust was executed, the legal title to it was not acquired by the interpleader.

*B. W. Johnson and H. G. Bunn* for appellants.

There was no lien for the $200.00 for services in moving and setting up the mill. Appellee was only entitled to a lien on lumber the product of his labor. *Mansf. Dig..* 4425, 35 *Ark.*, 169. A laborer's lien could not *possibly* exist except as to $115.54.

*J. M. Kelso,* for appellee,

Laborers have a lien for work and labor on the product of their labor. *Manf. Dig.,* sec. 4425, 42 *Ark.* 263. The lumber was the product of appellee's labor as a sawyer, and the court properly condemned it to be sold.

COCKRILL, C. J. It is no answer to the interpleader's claim to say that he was the equitable and not the legal owner. He had the possession and the equitable title when the property was attached.

Russell v. Painter.

The court found that for services rendered in moving and re-erecting a mill for the defendants (the Alexanders), and for services as sawyer from the date of the removal in 1885 until August, 1886, they were indebted to the plaintiff in the sum of $315.44, and commanded the lumber which was the product of the plaintiff's labor to be sold to pay that amount. The proof shows, however, that the lumber attached was sawed after the 15th day of February, 1886. There could be no lien upon it for money due for services rendered in moving the mill or for any other purpose prior to that date. It is only for the payment of the money due for services performed in the production of the property against which the lien is asserted that the property can be condemned to be sold. *Mansf. Dig., sec.* 4425. The plaintiff swore at the trial, and there was no evidence to the contrary, that the amount due him for services prior to February 15 was $200. Taking this amount from $315.44, the amount for which the court declared the lien, we have $115.44, the amount due the plaintiff for labor in producing the attached lumber. For this amount we think his lien should be sustained.

The appellant has made no question here except as to the amount of the lien, and there is no appeal by the defendants. The judgment in personam against the defendants is un-affected by the appeal. As to the interpleader the judgment against the property as to $115.44 with interest at six per cent. from August 1, 1886, is affirmed; otherwise it is reversed and the cause remanded.