KLONDIKE LUMBER COMPANY *v.* WILLIAMS.

Opinion delivered April 18, 1903.

1. LABORERS' LIEN—PRIVITY OF CONTRACT.—The act of March 11, 1895, providing that "laborers who perform work and labor on any object, thing, material or property shall have an absolute lien on such object, thing, material or property for such labor done and performed," gives a lien to laborers, whether they are employed by the owner of the object, thing, material or property, or by one who has a contract with such owner to do the work. (Page 337.)

2. SAME—WHO ENTITLED TO.—Laborers who cut timber into logs and haul and place them on the skidway at the mill of the owner are entitled to a lien on the lumber made from the logs, as their labor is part of the work necessary to convert the timber into lumber. (Page 337.)

3. SAME—AMOUNT.—The aggregate amount of the liens of laborers hired by a contractor cannot exceed the sum which the owner agreed to pay the contractor for performing the work. (Page 338.)

4. CONTRACTOR—RIGHT TO LIEN.—While a contractor, as such, is not a laborer within the meaning of the statute giving liens to persons who perform work and labor. yet if he performs work and labor under his contract, he is, to that extent, entitled to a lien. (Page 338.)

5. LABORERS' LIEN—USE OF WAGON AND TEAMS.—One who actually uses a wagon and team in performing work and labor for another is entitled to a lien on the product of his labor both for the work of himself and for the use of his wagon and team. (Page 338.)

Appeal from Little River Circuit Court in Chancery.

WILL P. FEAZEL, Judge.

Reversed in part.

### STATEMENT BY THE COURT.

The Long Pine Lumber Company in 1898 owned and operated a saw mill in Little River county for the purpose of making lumber. This company made a contract with the firm of Williams Bros., composed of J. M. and A. D. Williams, to cut and deliver logs on the skidway at their mills. To carry out this contract, Williams Bros. employed a number of persons to assist in cutting and hauling the lumber to the mill. They did part of the labor themselves, but did not work all the time, or make regular hands. The Long Pine Company had a contract with the Klondike Lumber Company, by which the Klondike Company was to purchase and become the owner of all the lumber manufactured by the Long Pine Company.

The Long Pine Company afterwards became financially involved, was unable to meet its debts, and quit business about January, 1899. At the time it quit business, it had a considerable quantity of lumber on its yards, which was claimed by the Klondike Lumber Company. This lumber was attached in an action brought by Williams Bros. in the circuit court against the Long Pine Company to recover the sum of $1,032.22 due on the contract above mentioned and to enforce a laborers' lien which they claimed on the logs. The men employed by Williams Bros. to cut and haul the logs to the mill brought actions before a justice of the peace to enforce labor liens on the lumber. Besides these parties employed by Williams Bros., the laborers employed by the Long Pine Company to run the saw mill which cut the timber also brought suits of attachment against the lumber to enforce liens which they claimed upon the property by reason of work and labor performed in manufacturing the lumber. The property was seized under the several actions. The circuit judge, on the application of Williams Bros., issued in vacation an order for the sheriff to sell the property on the ground that it was of a perishable nature and likely to depreciate in value. After this order was made and before the sale of the property, the laborers who had brought suits and recovered judgments before a justice of the peace intervened in

the suit brought by Williams Bros. The Klondike Lumber Company also intervened, and filed a petition, claiming to be the owner of the lumber and offering to pay off any valid lien existing against the property, and asked that the case be transferred to the equity docket, so that the rights of the various parties could be determined. The case was thereupon transferred to the equity docket, and after hearing the evidence the court found that the Klondike Lumber Company was the owner of the property; that both Williams Bros. and the laborers employed by them in cutting and hauling the timber had liens on the property for the amounts claimed by them, but that the lien of Williams Bros. was subject to that held by the men employed by them.

The court also found that certain of the men employed by the Long Pine Lumber Company in and about their mill in the sawing of the lumber attached had liens upon the same; that certain other parties to whom the Long Pine Lumber Company was indebted had done no labor towards the manufacturing of the lumber, and had no liens.

The court rendered a decree in accordance with its findings, and the Klondike Lumber Company appealed.

*L. A. Byrne, W. R. Cowley,* for appellant.

The causes should have been consolidated. Sand. & H. Dig. § 5707; 39 Ark. 248. At common law laborers had no lien on timber for cutting and hauling it. 14 Mo. 214; 65 Wis. 29; 1 Jones, Liens, § 702. Such lien must arise from contract or statute, and such statutes must be strictly construed. 27 Ark. 564; 59 Ark. 81, 344; 1 Jones, Liens, § 105; Black, Inter. Laws, § 99. Williams Bros. were not laborers, within the meaning of the statute. 12 Am. & Eng. Enc. Law, 532; 38 Barb. 390; 65 Ark. 186; 54 N. Y. 482; 2 Jones, Liens, § 1629. Such lien, if any, could not extend to persons employed by them. 16 Pick. 228; Story, Bail. 440. The cause should have been transferred to the equity docket. 54 Ark. 522; 39 Ark. 248; 42 Ark. 100. Appellees bought with notice of appellant's claim. 27 Ark. 98; 28 Ark. 82; 31 Ark. 252; 53 Ark. 137.

*J. D. Cook,* for appellees.

RIDDICK, J., (after stating the facts). The question presented by this appeal is whether certain contractors and laborers had a lien on lumber manufactured by the Long Pine Lumber

Company and sold by it to the appellant, Klondike Lumber Company.

Our statute gives laborers who perform work and labor a lien on the production of their labor for the amount due them for such work and labor. Sand. & H. Dig. § 4766; Acts of 1895, p. 39. The statute, as it now stands in the Acts of 1895, is silent as to whether the labor shall be done under a contract or not, but of course it was not intended that a mere trespasser should have a lien. The labor must be done either under a contract with the owner, or under circumstances showing that the owner consented thereto, though a majority of us are of the opinion that it is unnecessary that the laborer should perform the work under a contract in direct privity with the owner of the property. If it is done under a contractor who has a contract with the owner for the performance of the work, that sufficiently shows the consent of the owner, though in such a case the lien could not exceed the amount agreed to be paid by the owner to the contractor for the performance of the work. It might even be limited to the amount due the contractor at the time the action to enforce the lien is commenced, but under the facts of this case that question need not be considered. All that we need say here is that the laborers who cut and hauled the timber to the mill are not debarred from claiming a lien by the mere fact that they were not directly employed by the owner of the timber. It is sufficient that they worked under one who had a contract with the owner to do the work, and that the owner has paid neither the contractor nor the laborer. *Munger* v. *Lenroot,* 22 Wis. 541; *Winslow* v. *Urquhart,* 39 Wis. 260; *Parker* v. *Bell,* 73 Mass. (7 Gray) 429; *Moore* v. *Erickson,* 158 Mass. 71; *Reeve* v. *Elemendorf,* 38 N. J. Law, 125; Boisot, Mechanics Lien, 239.

The case of *Tucker* v. *Railway Co.,* 59 Ark. 81, may seem to some extent in conflict with this ruling, but it is sufficient to say that the statute construed in that case is a different statute from the one which controls this case, and that, taking the object, purpose and history of this act into consideration, we think that the construction contended for by the appellant is too narrow, and would, if adopted, to a large extent defeat the purpose of the statute.

On the question as to whether these men who cut the timber into logs and hauled and placed them on the skidway at the mill of the owner are entitled to a lien on the lumber made from the logs, there may be more reason to doubt. But their labor was part

of the work necessary to change the timber into lumber. It contributed directly towards the production of the lumber, and we are of the opinion that they have a lien, though the aggregate amount of these liens can not exceed the sum which the owner agreed to pay the contractors for performing the work.

As to the contractors, we have several times held that a contractor is not a laborer within the meaning of the statute giving persons liens who perform work and labor, the statute being intended to protect the actual laborer and not applying to contractors, or those who only superintend the labor of others. The mere fact, therefore, that Williams Bros. contracted to do this work and hired persons to do it gives them no lien; but they also themselves performed work and labor under their contract, and to the extent of the value of their own labor they have liens, as other laborers have. This lien, we think, should include the value of the use of their wagon and team when actually driven and used by them in performing the work. For in such a case the labor of one who uses a wagon and team or other instrumentality furnished by himself in the performance of his work includes both the work of himself and that of the instrumentality by which he performs it, and he has a lien for the value of all his labor. *Martin* v. *Wakefield,* 42 Minn. 176; *Hale* v. *Brown,* 59 N. H. 551.

While we approve of the ruling of the circuit court sustaining the lien of the laborers employed by Williams Bros., we are of the opinion that the court erred in holding that Williams Bros., the contractors, had a lien for the full amount due them by the Long Pine Lumber Company. As before stated, they had a lien only to the extent of the value of the work actually performed by them. As the evidence does not show the value of this work, we are unable to enter a final decree here. The judgment in favor of Williams Bros. declaring a lien on the lumber to the full extent of the amount claimed by them under the contract will be reversed, and the case remanded for further proceedings that the amount for which they have a lien may be determined. In all other respects the decree is affirmed.