VALLEY PINE LUMBER COMPANY *v.* HODGENS.

Opinion delivered November 12, 1906.

1. LABORERS' LIEN—WAGES PAID BY CONTRACTOR.—Kirby's Digest, § 5011, providing that laborers who perform work and labor on any object, thing, material or property shall have an absolute lien on any such object, thing, material or property for such labor done and performed," etc., does not give a lien by way of assignment or otherwise to one who, in performance of a contract to do certain work, hires labor done and pays for it. (Page 518.)

2. SAME—EXTENT OF LIEN.—Where one undertakes to cut logs for another, and executes his contract partly by his own labor and partly by that of others hired by him for that purpose, he is entitled to a lien, under Kirby's Digest, § 5011, only for work actually performed by himself. (Page 518.)

Appeal from Perry Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed with modification.

*S. T. Poe,* for appellant.

1. If appellee can recover at all, it must be on the ground that he has a lien; and if he has a lien, it can only be for labor that he personally performed, and he can recover only to the extent of the value of that labor. 71 Ark. 338.

2. By appellee's own testimony he has no lien. Evidence that he worked from two to four men all the time, that he usually carried the water, kept the saws in condition and did other chores necessary to be done, does not give him a lien on logs cut and handled by others. 54 Ark. 524.

*Sellers & Sellers,* for appellee.

1. Appellee has a lien. He hired to do work that, if done as required by appellant, he could not do alone, but necessarily had to have an assistant. 71 Ark. 339. He was not only personally liable to the hands whom he hired—they also had a lien against the logs and lumber cut by them. He had the right to pay their claims, and in equity to be subrogated to their lien to the extent that he had not been paid. 73 Ark. 179; 70 Ark. 161; 69 Ark. 43; *Ib.* 198; 65 Ark. 437; 29 Ark. 47; 50 Ark. 361; 34 Ark. 580; 35 Ark. 28; 53 Ark. 303; 55 Ark. 163.

RIDDICK, J. The Valley Pine Lumber Company, a corporation, made a contract with the Henry Lumber Company, a partnership, to cut and haul timber belonging to the Valley Pine Lumber Company and saw it into lumber. In order to carry out this contract, the Henry Lumber Company contracted with J. T. Hodgens to cut the timber into logs for hauling. Afterwards the Henry Lumber Company became embarrassed financially, and in order to settle its accounts with the Valley Pine Company it transferred its mill, a considerable number of logs and certain other property to the Valley Pine Company. This transfer left the Henry Company without assets to settle its remaining debts, the members of that firm being practically insolvent. At the time this transfer was made, the Henry Company owed Hodgens $214.81, all but one dollar of which was for work done by him and his employees in cutting logs.

As Henry was unable to pay this debt, Hodgens brought this action in equity to have the conveyance made by the Henry Company to the Valley Pine Lumber Company declared fraudulent and to enforce a laborer's lien on the lumber made from the timber cut by him. On the hearing the chancellor found that the

Valley Pine Lumber Company had received and converted to its own use lumber on which the plaintiff Hodgens had a lien for $214.81, and that the value of this lumber exceeded the claim of plaintiff. He therefore gave judgment against the defendant, the Valley Pine Lumber Company, for the amount claimed by plaintiff, and the Valley Company appealed.

The evidence does not show any fraud in the sale of the Henry Company to the Valley Pine Lumber Company. It seems also plain from the evidence that the Valley Pine Company had notice of the lien of the plaintiff on the logs cut and delivered by him to the Henry Company, and which they purchased from that company. The only real question is the amount of this lien. The evidence shows that Hodgens did not do all of the labor on these logs. It was inconvenient for him to saw the logs himself, and he hired one and sometimes two hands to help him. He testified that he performed about half of the work himself. He paid the laborers whom he hired to assist him, and his counsel contends that, as these laborers had liens, the plaintiff had the right to pay them and enforce their liens against the property. In other words, that he would be treated in equity as the assignee of their liens to the extent of his debt.

Perhaps the statute should give this right to one who in performance of a contract for work and labor hires another to assist him in the labor. But the statute as written gives the lien to the one who performs the labor, and not to the one who hires labor performed and pays for it. *Klondike Lumber Co.* v. *Williams,* 71 Ark. 334. Nor did this payment operate as an assignment of the lien of the laborer whose debt was paid. When Hodgens paid the laborer whom he hired to assist him, he discharged a debt which he owed, and his payment did not operate as an assignment to him of the lien held by the laborer for his debt. The effect of the payment was to extinguish both the debt and the lien, for the lien could not exist after the debt on which it was based had been discharged.

The logs were not in possession of plaintiff, but had been delivered by him to the Henry Lumber Company, and by them sawed into lumber. While the plaintiff did not have a lien on this lumber for the full amount of his debt against the Henry Lumber Company, he is entitled to a lien to the amount due him for

actual labor performed by him in cutting the logs from which the
lumber in question was made.    The most favorable view of the
evidence in behalf of ·plaintiff is that he performed in person
about half of the work that he is charged for.    We think that he
is entitled to a lien for one-half of the $214.81 due him for work
on the logs which he and the hired man cut under his contract
with the Henry Company.    The judgment will be modified, and
a judgment for that amount, with interest, against the Valley
Pine Lumber Company affirmed.

It is so ordered.

