CLEVELAND-McLEOD LUMBER COMPANY *v.* PIGGSE.

Opinion delivered October 21, 1907.

LABORER'S LIEN—ENFORCEMENT.—One who performed no labor of any value upon certain logs is not entitled to have a laborer's lien enforced thereon.

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; reversed.

*Otis T. Wingo* for appellant.

It is shown that appellee was a sub-contractor, that he had no contract with appellant, that he looked to Fisk, and not to appellant, for his pay, and that he performed no labor in per-

son upon the logs. He had no lien upon the product of the labor of his men. 71 Ark. 334; 2 Jones on Liens, 1629.

BATTLE, J. Appellee brought this action before a justice of the peace by filing an affidavit, alleging that the appellant was indebted to him in the sum of forty dollars for labor performed on certain logs; that he had a lien on the logs for said sum; and prayed for an attachment against the logs, and for judgment against appellant for the sum.

Attachment and summons were issued and served by seizing 280,000 feet of logs and by service of summons upon appellant.

On return day, appellant answered, denying that it was indebted to appellee and denying that he had a lien upon the logs attached.

From a judgment of the justice of the peace appellant appealed to the Sevier Circuit Court, where, upon trial before the court sitting as a jury, judgment for the debt was given against appellant, and from this judgment appellant has appealed to this court.

There was no evidence adduced in the trial before the circuit court to prove that appellant was indebted to appellee. He did not undertake to pay the appellee upon any condition. Appellee performed no labor upon the logs attached. One Fisk made a contract with Cleveland-McLeod Lumber Company to remove certain logs. Fisk employed appellee to do a certain part of the labor. There is no evidence that the Lumber Company knew anything about, or had notice of, the latter contract. Appellee performed no labor·of any value upon the logs attached, so far as shown by the evidence, and had no lien. *Klondike Lumber Co.* v. *Williams,* 71 Ark. 334, 338.

Reversed and remanded for new trial.