WHITE RIVER LAND & TIMBER COMPANY *v.* BROOKS.

## Opinion delivered April 2, 1917.

1. LABORERS' LIENS—FELLING TIMBER AND FILING SAWS.—Plaintiff was employed to cut timber and also to file saws during certain hours; *held,* filing the saws being an incident to the main employment, that it was within the statute giving liens to laborers on the production of their labor.
2. LABORERS' LIENS—EXTENT OF OWNER'S LIABILITY.—The owner of the property is responsible for all the labor debts entering into the manufacture of the article or property, for an amount equal to the contract price, provided that he had notice or knowledge that the laborers were engaged in work on said property.

Appeal from Woodruff Circuit Court, Northern District; *J. M. Jackson,* Judge; affirmed.

*J. F. Summers,* for appellant.

1. The court erred in giving the peremptory instruction and in refusing to give No. 2, asked by defendant. Had No. 2 been given, the jury would have considered the value of the work in cutting logs and would not have considered the matter of filing saws, a class of labor which gave appellee no lien. 54 Ark. 524.

2. It was also error to refuse No. 3, asked by defendant. 71 Ark. 397; 75 *Id.* 104.

*Harry M. Woods,* for appellee.

1. Instruction No. 2 was properly refused. Under the facts of this case, Brooks had a lien for cutting the timber and filing the saws used. Kirby & Castle's Digest, § 5924; 71 Ark. 338. In 54 Ark. 524, the filing of saws was not connected with the work of *production,* and was not within the statute. See 25 Cyc., pp. 1582 to 1585.

2. Instruction No. 3 was properly refused. It is not the law of this case. 71 Ark. 338. The work was done under contract with Noble, the contractor of appellant, and shows knowledge and consent of the company. 75 Ark. 104; 25 Cyc. 1585, citing cases from this court.

3. There was no conflict of testimony necessitating submission to a jury.

HUMPHREYS, J. Appellee instituted suit in a magistrate's court by specific attachment to enforce a laborer's lien on logs, cut by him and other laborers, under the 3d subdivision of chapter 101, of Kirby's Digest of the Statutes of Arkansas. He secured judgment for $97.87, from which appellant prosecuted an appeal to the circuit court for the Northern District of Woodruff County. In the circuit court, a judgment was rendered in favor of appellee for $64.50. An appeal from that judgment has been lodged in this court.

The facts are that appellant was the owner of certain timber, and made a contract with W. K. Noble to manufacture the standing timber into logs. W. K. Noble employed appellee to assist in the manufacture thereof at $3 per day and board. Before beginning work in the morning, at noon and after quitting in the evening, appellee filed saws used in cutting the timber. Appellant knew that he was working in the timber. W. K. Noble collected what was due under the contract, and left without paying the laborers. Appellant paid all the laborers except appellee. The laborers were paid different amounts—some $2, and some $2.50 per day without board, and appellee $3 per day with board; his wage being larger on account of filing the saws. Fifty-eight

dollars and fifty cents was due him for nineteen and one-half days' labor under the contract. He also cut some timber by the thousand, and a balance of $6 was due him under that contract. The trial court gave a peremptory instruction, excluding from his original claim the amount of $31.35, covering the time of hauling timber, but instructed the jury to return a verdict for $64.50.

(1) Appellant contends that the court erred in giving the peremptory instruction and refusing to give instruction No. 2, asked by defendant, which is as follows: "The court instructs the jury that if you find for the plaintiff, you will find an amount equal to the value of the work done, and in arriving at the amount, you will consider the value of the labor actually performed in cutting the logs." It is contended that instruction No. 2 is correct, because it excludes from the consideration of the jury the services for filing saws. It is insisted that that portion of the services can not be considered as services coming within the meaning of the statutes giving laborers' liens on the production of their labor. The undisputed evidence is that appellee was to receive $3 per day for cutting the timber and filing saws. The main employment was cutting timber, and incident thereto, before and after working hours and during the noon hour, appellee filed saws that were used in felling the standing timber and sawing same into logs. Filing the saws being an incident to the main employment, we are of opinion that it entered into and became a part of the production of the logs, and is clearly within the statute giving liens to laborers on the production of their labor.

Appellant has cited the case of *Van Etten* v. *Cook,* 54 Ark. 522, in support of its contention that filing saws is no part of the labor in producing the logs. In that case, the main employment of J. G. Bony was to file the saws at the mill where shingles were produced. He was superintendent of the work. What little work he did in the production of the shingles was incidental to his main employment as superintendent and saw filer. The view

expressed in the instant case in no way conflicts with the construction given the statute in *Van Etten* v. *Cook, supra.*

(2)   Appellant contends that the court erred in refusing to give instruction No. 3, asked by defendant, which is as follows: "The court instructs the jury that if you find from the testimony that at the time of the institution of this suit, the defendant was not indebted to W. K. Noble, your verdict will be for the defendant."

It was said by Mr. Justice RIDDICK, in the case of *Klondike Lumber Co.* v. *Williams,* 71 Ark. 334, in referring to work done by a laborer, "If it is done under a contractor who has a contract with the owner for the performance of the work, that sufficiently shows the consent of the owner, though in such a case a lien could not exceed the amount agreed to be paid by the owner to the contractor for the performance of the work." In the instant case, we are left entirely in the dark as to what the contract price was between appellant and the contractor, W. K. Noble. Neither are we enlightened as to whether the amount paid the other laborers, together with the amount claimed by appellee, exceeded the contract price. Our construction of the statute is that the owner of the property is responsible for all the labor debts entering into the manufacture of the article or property for an amount equal to the contract price, provided he had notice or knowledge that the laborers were engaged in work on said property. Under this view of the law, it is immaterial whether appellant had paid the entire amount to W. K. Noble, the contractor, and therefore the court would have committed error by giving instruction No. 3, requested by appellant.

The judgment is affirmed.