## BENNETT *v*. SNYDER.

## Opinion delivered January 31, 1921.

1. APPEAL AND ERROR—EVIDENCE VIEWED FAVORABLY·TO APPELLEE.— In testing the sufficiency of the evidence, the Supreme Court must view it in the light most favorable to the party who secured the verdict.

2. MUNICIPAL CORPORATIONS—NEGLIGENCE OF. TRUCK DRIVER.—Evidence *held* to warrant finding that the driver of defendant's auto truck, with the exercise of ordinary care, could have avoided striking plaintiff's horse after he discovered that it was frightened and was getting into a place of peril. ·

3. TRIAL—INSTRUCTION—GENERAL OBJECTION.—In an action for damages sustained by plaintiff in a collision between his horse and buggy and defendant's motor truck, a general objection to an instruction that "if the driver of the truck failed to exercise ordinary care in handling the truck, with [in] his failing to stop or driving around the plaintiff, or in his failing to exercise ordinary care to prevent the accident and damaging plaintiff," the defendant was negligent, was insufficient to call the court's attention to the objection that the instruction might be construed as meaning to tell the jury that the failure of the driver to stop and his driving around the plaintiff constituted negligence.

4. APPEAL AND ERROR—AMENDMENT OF PLEADINGS TO CONFORM TO
   PROOF.—Defendant can not on appeal complain because the court
   submitted to the jury the question of negligence in using a truck
   with defective brakes, though that issue was not raised by the
   pleadings, where defendant proved such fact, and made no claim
   of surprise, as the pleadings will be treated as amended to con-
   form to the proof.

5. APPEAL AND ERROR—INSTRUCTION—HARMLESS ERROR.—An instruc-
   tion that "if you find for plaintiff, you will assess his damages at
   whatever amount you find the value of the horse was or is at
   this time" was not misleading, where the horse was killed by
   reason of the injury, and all of the evidence related to his value
   at the time of injury.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

*Ben F. Reinberger,* for appellant.

The evidence does not establish negligence in the operation of the truck and shows no liability of appellant. No negligence or carelessness was proved, and the court erred in its instructions given for plaintiff. This is a plain case for reversal, and no authorities need be cited.

*Geo. F. Jones,* for appellee.

1. Negligence, carelessness and recklessness were shown by the testimony. The evidence sustains the judgment and there was no error in the instructions. 97 Ark. 109.

2. The objections to instructions were in gross and too general. 105 Ark. 157. If any error, it was harmless. 50 Ark. 68; 54 *Id.* 289.

McCULLOCH, C. J. This is an action instituted by appellee against appellant to recover damages alleged to have been sustained on account of the negligence of appellant's employee in the operation of an automobile truck.

Appellee was driving his horse hitched to a buggy along the road between North Little Rock and Camp Pike, and the horse came into collision with a truck driven by

one of appellant's employees. Appellant was having some hauling done from Camp Pike to Little Rock and was operating two trucks driven by his employees. The trucks were a short distance apart, and the one that collided with the horse was the rear truck. The horse's leg was broken in the collision, and a veterinary, who was immediately called, advised that the horse be killed, which was done. Appellee sued for the value of the horse and also for damages done to the buggy and harness. There was a verdict in appellee's favor awarding damages in the sum of two hundred dollars.

The main contention of appellant is that the evidence does not establish negligence in the operation of the truck. In testing the sufficiency of the evidence we must, of course, view it in the light most favorable to appellee. The collision occurred about 11 o'clock in the daytime and on the paved road which runs between North Little Rock and Camp Pike. At the place of the collision the road was straight. Appellee was driving along the road when he met the two trucks, and the horse became frightened at the noice of the first truck. He was struck by the second truck.

The evidence adduced by appellee was to the effect that the horse was in the middle of the road and that the truck was running in the middle of the road with sufficient space on the side to turn out to the side of the road far enough to avoid striking the horse. There was a sharp conflict in the testimony. That introduced by appellant tended to show that the truck was close to the side of the road when the horse became frightened, but this is contradicted by the testimony of appellee himself, who said that there was a space of four or five feet between the truck and the side of the road, which gave an opportunity for the driver to turn out sufficiently to avoid striking the horse. In addition to this, there was testimony to the effect that the truck was going at a very slow speed—about five miles an hour—and the jury could have found that a driver using ordinary care could have

stopped the automobile in time to prevent striking the horse. There was other testimony to the effect that the truck was being operated at a greater rate of speed than stated above, but this conflict raised a question for the determination of the jury.

There was also testimony to the effect that the truck was an old one and out of repair, and that the brakes would not work. The driver of the car, who was introduced as a witness by appellant, stated that the reason he did not stop the truck was because the brakes would not work. Upon the whole we are of the opinion that the evidence was sufficient to warrant the finding that the driver of the truck could, with the exercise of ordinary care, have avoided striking the horse after he discovered that the horse was frightened and was getting into a place of peril.

It is contended that the court erred in giving the followng instruction:

"You are instructed that if the driver of defendant's truck failed to exercise ordinary care in handling the truck, with his failing to stop or driving around the plaintiff or in his failing to exercise ordinary care to prevent the accident and damaging plaintiff, the defendant will be guilty of negligence, and your verdict will be for the plaintiff."

The contention of counsel is that this instruction is erroneous in telling the jury that the failure of the driver to stop the truck or to drive around the plaintiff constituted negligence as a matter of law. The instruction is not necessarily open to the interpretation that it was meant to tell the jury that this constituted negligence, and it should have been met by a specific objection to that feature, if it was feared that the jury might so interpret. The objection to the instruction was only general and was not sufficient to call the court's attention to the ambiguity in the instruction.

In the second instruction given at the instance of the appellee, the court submitted the question of negligence

of appellant in using the truck with defective brakes on it. The contention is that this was not an issue in the case according to the original pleadings and that it should not have been submitted to the jury. The evidence of the defective brakes was first brought out by appellant from one of his own witnesses, an automobile mechanic, who was introduced to prove the condition of the truck and the rate of speed at which it could be operated. The driver of the car, who was introduced as a witness by appellee, also testified that the brakes were defective, and he gave that as the reason why he did not stop the truck. Appellant did not claim surprise or offer to introduce any other testimony on the subject, nor did he ask time to produce testimony as to the condition of the truck. All that was done was to interpose a general objection to this instruction. The court had the right to treat the pleadings as amended to conform to the proof, in the absence of an objection made at the time by appellant on the ground of surprise.

The remaining assignment relates to an alleged error of the court in giving instruction number three:

"If you find for plaintiff, you will assess his damage at whatever amount you find the value of the horse was, or is at this time. Also the amount of medical bill and the damage for his wagon and harness."

This instruction was undoubtedly erroneous in telling the jury to consider the value of the horse "at this time," meaning the time of the trial, but this language was evidently incorporated in the instruction by inadvertence, and its effect was harmless because there was no proof introduced in the case as to the value of the horse at the time of the trial. All of the proof related to the value of the horse at the time it was struck by appellant's truck. The amount of recovery is abundantly sustained by the testimony, and it is not conceivable that the jury was misled by the language inadvertently put in the instruction about the value of the animal at the time of the trial.

Judgment affirmed.