MENZIES HARDWOOD COMPANY, INC., *v.* THOMPSON.

Opinion delivered November 19, 1928.

*Culbert L. Pearce,* for appellant.
*C. E. Yingling,* for appellee.

KIRBY, J. Appellees, J. T. Thompson and M. E. Chumley, each brought suit in the justice court against defendant, J. T. Miller, to collect certain amounts alleged to be balances due each of them for work and labor performed in the manufacture of lumber, and to enforce a laborer's lien for the collection thereof. The other appellees intervened in the suit for the collection of amounts alleged to be due each of them for work and labor performed in the manufacture of the lumber. Appellant intervened, alleging that, prior to the time the complaint and interventions were filed, it had purchased from the defendant 7,000 feet of oak lumber of the value of $322, which was purchased and delivered to it before the suits and interventions were filed. Claimed to be an innocent purchaser for value, without notice of the claims and liens, and further alleged that no attachments were levied upon the property which was in its pos-

session until after judgment was rendered for plaintiffs and the other interveners in the suit, of which it had no notice, either actual or constructive.

H. L. Stemple also filed an intervention, alleging that he had purchased from the defendant Miller, in good faith and for value, 10,000 feet of oak lumber of the value of $449. In other respects his intervention contained the same allegations as the intervention of the appellant. These two interveners gave a forthcoming bond for $500 jointly.

The plaintiffs and five of the other interveners replied to the intervention of appellant, denying the allegations thereof.

Upon the trial, judgment was rendered against the defendant Miller, the interventions of appellant company and Stemple were dismissed, and judgment rendered against them and their surety in various amounts, in favor of the plaintiffs and interveners, aggregating $351.02. Appellant company and Stemple appealed to the circuit court, where the cause was heard by the court without a jury, and judgments rendered in favor of the plaintiffs and interveners each against the defendant Miller for certain specified amounts, upon which a credit of $45 was allowed for the sale of materials by the constable, not claimed by interveners, and also against appellant company and Stemple, intervener, and the surety on their forthcoming bond, for the amount of said judgments, less the credit of $45, and this appeal is prosecuted from that judgment.

The testimony shows that defendant Miller operated a small mill at Bald Knob from the latter part of June, 1927, to the middle of September, manufacturing oak, gum and hickory timber into pick, hammer and sledge-hammer handles, lumber, cooking and stovewood. Appellant company, by written contract, agreed to and did advance money to him to take care of his payroll, and was to receive the entire output of manufactured oak at prevailing prices, to apply on the account for money advanced, and to pay the balance due thereon in cash.

The gum and hickory was sold to other parties, and appellant company only advanced $1,100 on the payrolls, and only received, prior to the filing of these suits, two small carloads of oak to apply on its indebtedness. Stemple, who was representing appellant company, had advanced $350 for the purchase of timber which was used in the manufacture of the materials attached. It appeared that some of the interveners and plaintiffs had worked for the defendant Miller from the time he began operations, and had been paid a portion of the amounts due for the labor in the manufacture of the lumber on each payday, there remaining due to each of them the amounts claimed and as found by the court, and for which judgment was rendered, except that J T. Thompson only claimed in his complaint $31.50, for which he alleged he was entitled to a lien. He admitted that he had done some work not on the material attached, but was given a judgment for $46.50 instead of the amount claimed. The claimants each testified that the work and labor done had been performed in the manufacture of the oak lumber attached.

It is insisted that the testimony was insufficient to warrant the judgment fixing the lien against the manufactured lumber for the amounts claimed by each of the laborers and also to identify the materials upon which the labor had been actually performed and for which they had not been paid. It is true the testimony shows that hickory, gum and oak timber was manufactured, and that the laborers were employed in its manufacture, and the amount of hickory and gum manufactured was not definitely shown, appellants insisting that at least one-half of the labor was performed in the manufacture of the gum and hickory timber, but each of the claimants testified that the amount claimed was due for labor performed in the manufacture of the oak lumber attached herein and for which appellants had given the forthcoming bond.

The law gives a lien to the laborers who perform work under a contract, either written or verbal, on the products of his labor, for the work done, subject to prior

liens (§§ 6848-64, C. & M. Digest), and the evidence herein tends to establish the liens as claimed. The claimants were entitled to liens upon the production of their labors, the oak lumber and manufactured products. *Russell* v. *Painter,* 50 Ark. 244, 7 S. W. 35; *Klondike Lumber Co.* v. *Williams,* 71 Ark. 334, 75 S. W. 854; *Valley Pine Lumber Co.* v. *Hodgins,* 80 Ark. 516, 97 S. W. 682.

It is insisted, however, that the claimants did not have liens for the full amounts claimed for work done on the oak lumber and manufactured products, since gum and hickory timber had also been manufactured along with the oak. It is true the testimony does not disclose exactly the amount or value of work done in the manufacture of the gum and hickory timber, but, as already said, the claimants, except J. T. Thompson, testified that they had done work to the value of the amounts of their claims in the production of the oak lumber and manufactured products, and this is sufficient to support the judgments. *Bennett* v. *Snyder,* 147 Ark. 206, 227 S. W. 402; *Thomas* v. *Thomas,* 150 Ark. 43, 233 S. W. 808; *International Harvester Co.* v. *Layton,* 148 Ark. 156, 229 S. W. 22.

As to appellee Thompson, such is not the case, since, according to his own statement, he was not entitled to the amount allowed by the court, but only to a lien for $26.50, $5 less than the amount of his claim, for the two days' work which he stated was not done in the manufacture of the lumber attached.

The judgment will be modified accordingly, and, as modified, affirmed. It is so ordered. Costs of the appeal to be taxed against appellants.