HENDRICK *v.* HENDRICK.

Opinion delivered December 2, 1929.

*James R. Campbell,* for appellant.
*Steel & Edwards,* for appellee.

KIRBY, J. Appellee, an old man 82 years of age, and virtually blind, brought this suit against appellant, his son, for an accounting of goods, merchandise and fixtures sold by appellant, as his agent, and for moneys alleged to have been collected by him on notes and accounts belonging to appellee. The case was heard on oral testimony, and judgment rendered against appellant for $748, with interest at 6 per cent. from June 30, 1928, from which he prosecutes this appeal.

Appellant contends that the decree is contrary to the great weight of the testimony. The testimony is in conflict to some extent, but it was undisputed that appellee,

who lived with his son, appellant, who was in business in the city of DeQueen, had loaned him about $4,000 to the time he failed in his business, and went into bankruptcy on October 11, 1927. This debt to appellee was scheduled as a part of his liabilities, and he received his discharge on February 21, 1928. At the sale of the stock of groceries, merchandise and fixtures of the bankrupt, appellee became the purchaser for $1,050, the business was reopened, and conducted for appellee by appellant for several months until closed out.

It was alleged that this stock so purchased was of the value of $1,800, and that appellee also purchased the notes and accounts of the bankrupt at such sale, of the value of $750.65. Appellant admitted that he had received, after his discharge in bankruptcy, checks exhibited in evidence from E. A. Bennett, payable to appellee's order, indorsed and cashed them, amounting to $448, and also that he had collected $300 or $400 on the Listenbee notes belonging to appellee, and the chancellor only rendered judgment against him for $300 collected on the Listenbee notes, $748 in all, awarding interest from June 30, 1928. Appellant testified that appellee gave him this money, and claimed credit for boarding and caring for him, although he admits that there was no contract or agreement for appellee to pay board, and appellee stated that he was not to pay appellant any board or charge him any interest on the money loaned, and that he sued for no interest, and the interest awarded was only from June 30, 1928, long after appellee had ceased to live with appellant. Appellant stated that he had never kept any written account, but just went ahead and sold the stock, and had accounted for all the money received by him, according to his best recollection and belief.

A careful examination of the record discloses not only that the decree of the chancellor is not against the preponderance of the evidence, but is supported by it.

There is no merit in appellant's contention that the collections on the notes cannot be considered, since there was no specific allegation made in the complaint relative

thereto. It was alleged, however, that plaintiff had no knowledge of or means of ascertaining the amount that had been collected by defendant, J. E. Hendrick, on the notes and accounts belonging to him, but believes and states upon information and belief that he has collected more than $700 on said notes and accounts. This allegation warranted the admission of the testimony, and, it being unobjected to, the pleading would be considered amended to conform to the proof, anyway. *Bennett* v. *Snyder,* 147 Ark. 206, 227 S. W. 402; *Henson* v. *Strickland,* 152 Ark. 203, 238 S. W. 5, 21 A. L. R. 328; *Jenkins* v. *International Life Ins. Co.,* 149 Ark. 257, 232 S. W. 3.

The decree is accordingly affirmed.