DACUS v. BURNS.

4-7235                                    177 S. W. 2d 748

Opinion delivered February 14, 1944.

*Holland & Taylor,* for appellant.

*W. Leon Smith,* for appellee.

HOLT, J. This litigation originated in the Blytheville municipal court. Appellee sued appellant for a real estate commission in the amount of $100. He alleged, in his complaint, "that the defendant is indebted to said plaintiff in the sum of one hundred dollars ($100) for commission on real estate sale, which is now due and unpaid." Hatcher Doan was made garnishee and the usual allegations and interrogatories were attached. Appellant answered with a general denial. A trial in the municipal court resulted in a judgment for appellee in the amount of $100, and on appeal to the circuit court, a jury returned a verdict for appellee for a similar amount. From the judgment comes this appeal.

Appellant says: "There is only one question involved in this appeal: Did the lower court err in refusing to direct a verdict for the defendant below because of plaintiff's failure to observe § 12477, Pope's Digest? Said section provides 'no recovery may be had by any broker or salesman unless he is licensed . . . and unless such fact is stated in his complaint.' "

At the trial, appellee testified: "Q. You are engaged in real estate business here in Blytheville, Mr. Burns? A. Yes, sir. Q. Are you a licensed real estate dealer in the city of Blytheville and state of Arkansas? A. Yes, sir. Q. And were you in January and February of 1942? A. Since 1929." This testimony was not objected to by appellant and stands uncontradicted.

Section 1463 of Pope's Digest provides: "The court may, at any time, in furtherance of justice, . . .

amend any pleadings . . . by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading . . . to the facts proved.''

In the instant case, while appellee did not specifically allege in his complaint that he was a licensed real estate dealer, he testified without objection that he was a licensed dealer at the time the sale in question was made and had been so licensed since 1929. As indicated, appellant offered no objection to this testimony. Had appellant made timely objection by demurrer to the complaint or otherwise, the complaint could have been amended at that time. Obviously, we think the situation presented is one covered by the above statutory provisions. The amendment did not change substantially the claim of appellee and the trial court properly treated the complaint as amended to conform to the proof.

In *Bank of Malvern* v. *Burton*, 67 Ark. 426, 55 S. W. 483, this court held (Headnote 2) ''Where no objection was taken to the admission of evidence that the note sued on was given in renewal of a valid note, the complaint was properly treated by the trial court as amended to conform to the proof,'' and in the body of the opinion, it is said: ''Under the statutes of this state, the complaint could have been amended by conforming it to the facts proved, as the amendment would not have substantially changed the claim of the plaintiff. Sand. & H. Dig., § 5769 (Now § 1463, Pope's Digest). The testimony adduced by both parties showing that the first note in a series of notes given for the same indebtedness, of which the note sued on was the last, was a valid note having been admitted without objection, the complaint should have been regarded as amended in conformity to the same; . . . As the complaint could have been amended in the manner suggested, and evidence was admitted as if it had been, it would be unjust to deny the plaintiff the benefit of it. Had its competency been objected to, the objection might have been obviated by an amendment, on terms or otherwise. The plaintiff was therefore entitled to the benefit of it.'' See, also, *Hendrick* v. *Hendrick*, 180 Ark. 550, 21 S. W. 2d 961.

Appellant cites *Birnbach* v. *Kirspel,* 188 Ark. 792, 67 S. W. 2d 730, and *Nelson* v. *Stolz,* 197 Ark. 1053, 127 S. W. 2d 138, in support of his contention. We think, however, that these cases are clearly distinguishable on the facts. In the former case, the broker was denied a commission when the undisputed proof showed that he had made no application for a license before effecting the sale in question. In the latter case, this court said: ''It being undisputed in the record that appellee had no license at the time he procured these purchasers . . ., that fact alone (the failure to have a license) prevents him from recovering a commission in this case. If he had had a license at the time he procured these purchasers he could have then sued and recovered his fee.''

In the instant case, however, as indicated, the undisputed proof is that appellee did possess a license.

Finding no error, the judgment is affirmed.